No. 22,420.

THE ANTHONY BOOSTER CLUB and A. W. HOWARD, *Plaintiffs,* V. L. G. JENNINGS, as Mayor of the City of Anthony, et al., *Defendants.*

SYLLABUS BY THE COURT.

CITIES—*Who May Institute Proceedings for Street Improvements.* Under the provisions of section 1764 of the General Statutes of 1915, street-improvement proceedings may be instituted by a majority of the resident property owners fronting on a street, in a city of the second class, regardless of the proportion of the taxable area which they own.

Original proceeding in mandamus. Opinion filed May 10, 1919. Writ allowed.

*E. C. Wilcox,* of Anthony, for the plaintiff.

*Donald Muir* and *Harvey O. Davis,* both of Anthony, for the defendants.

The opinion of the court was delivered by

BURCH, J.: The action is one to require the mayor and commissioners of the city of Anthony to proceed according to a petition to pave certain streets of the city. The petition, sufficient in other respects and duly presented and considered,

was signed by a majority of the resident property owners fronting on the streets to be improved. Reluctance of the mayor and commissioners to proceed resulted from a doubt as to whether or not the signers should also represent a majority of the property affected. The statute reads as follows:

"When the mayor and commissioners of cities of the second class . . . shall deem it necessary to pave, . . . or otherwise improve any street, . . . said council shall by resolution declare such work or improvement to be necessary to be done, . . . and if the resident owners of more than one-half of the property liable to taxation therefor, shall not, within twenty days . . . file with the clerk of said city their protest against such improvements. . . . Then such council shall have power to cause such work to be done or such improvements to be made, and to contract therefor, and to levy taxes as herein provided: *Provided*, That whenever a majority of the resident property owners fronting on a street in two or more adjacent blocks shall petition the council to grade, pave, . . . or otherwise improve the same, the council shall cause such work to be done, or such improvements to be made, and shall contract therefor, and shall levy taxes for all such improvements, as herein provided, upon the abutting property." (Gen. Stat. 1915, § 1764.)

Two methods are provided for instituting improvement proceedings: one by resolution of the mayor and commissioners, and the other by petition of property owners. If the proceeding be instituted by resolution of the mayor and commissioners, property owners have the right to protest. If the protest be signed by the resident owners of more than one-half the property to be taxed, the resolution fails. Formerly it was sufficient if the protest be signed by a majority of the resident owners in the taxing district. As the court said in the case of *Clarke v. Lawrence*, 75 Kan. 26, 88 Pac. 735 (decided under a similar statute), in considering the protest, noses were counted and not feet. The law was changed to its present form in 1913. (See *Osborne County v. City of Osborne*, ante, p. 671,. 180 Pac. 233.) The quantity of property involved is taken into account, however, only in connection with a protest against a resolution to improve. If the proceeding be instituted by petition of property owners, a majority of the resident owners fronting on the street is all that is required, regardless of the proportion of the taxable area which they own.

The peremptory writ of mandamus is allowed.